JESSICA A. BETLEY
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 3447
Great Falls, MT 59403
119 First Ave. North, # 300
Phone:       (406) 761-7715
FAX:         (406) 453-9973
Email:       Jessica.Betley@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff,** vs. **ANTHONY JOSEPH BELTRAN,** Defendant. | CR 19-35-GF-BMM **SENTENCING MEMORANDUM** |

The United States of America, by and through Jessica A. Betley, Assistant U.S. Attorney for the District of Montana, provides the Court with a memorandum in aid of sentencing of the defendant.

## INTRODUCTION

The defendant pleaded guilty to the crimes of possession with intent to distribute methamphetamine and obstructing justice by retaliating against a witness, victim, and informant. PSR ¶ 15. The Presentence Investigation Report (PSR) has calculated the defendant's total offense level as 33 and his criminal history category as VI, which results in an advisory guideline range of 235 to 293 months of imprisonment. PSR ¶ 135. The defendant also faces a mandatory minimum term of 120 months of imprisonment. PSR ¶ 133.

The government and defendant have no objections to the PSR and this final advisory guideline calculation. The government requests the Court sentence the defendant to a term of imprisonment within the advisory guideline range followed by five years of supervised release.

## SENTENCING RECOMMENDATION

Title 18 U.S.C. § 3553(a)(2) requires the Court to "impose a sentence sufficient, but not greater than necessary" to comply with the following purposes: (1) to reflect the seriousness of the offense; (2) to promote respect for the law; (3) to provide just punishment for the offense; (4) to afford adequate deterrence to criminal conduct; (5) to protect the public from further crimes of the defendant; and (6) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The Court is also required to consider the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the sentencing guidelines and policy statements, to avoid unwarranted sentencing disparities, and to provide restitution to victims. § 3553(a)(1), (3)-(7).

In this case, a sentence of imprisonment within the advisory guideline range followed by five years of supervised release satisfies all of the § 3553(a) criteria without being greater than necessary. Furthermore, when evaluating the nature and circumstances of this specific offense, in conjunction with the defendant's history and characteristics, it is clear that a sentence of imprisonment within the advisory guideline range is reasonable given the serious nature and circumstances of the defendant's crime.

The defendant's actions here are serious and had a direct impact on the community. The distribution of methamphetamine and heroin has crippled communities across the United States and caused extremely detrimental consequences. Although drug offenses may be referred to as "victimless" crimes, methamphetamine and heroin distribution leaves countless victims and has led to many unintended addictions, weapon possession, and crimes of violence. The drug users, their families, and the communities are all impacted by the distribution of these drugs.

Here, the defendant orchestrated a large-scale drug conspiracy that involved the possession of pounds of methamphetamine and heroin.  PSR ¶¶ 20-30.  In April 2019, law enforcement learned that the leader of the group, the defendant, was returning from California.  Agents followed the defendant to a home in Great Falls where law enforcement knew the defendant stored drugs.  After surveilling the house, agents watched the defendant drive to a nearby hotel where he was arrested.  Ultimately, law enforcement recovered 2191 grams of actual methamphetamine from the home where the defendant stored his drugs.  PSR ¶ 30.

Following the defendant's arrest, his criminal behavior did not cease.  While in jail, he recruited another female to post his entire sealed criminal complaint on Facebook.  PSR ¶ 34.  By doing so, the defendant publicly exposed the identity of numerous witnesses.  These frantic individuals identified in the complaint called law enforcement for help because they feared for their lives, or others then refused to ever speak to law enforcement again.

A sentence of imprisonment within the advisory guideline range is appropriate here based on the seriousness of the defendant's conduct.  Not only did he distribute significant amounts of methamphetamine and heroin in the Great Falls community, but he threatened the lives of numerous witnesses by taking a sealed court document and publishing it on Facebook.

The sentence must also take into account the specific history and characteristics of the defendant. He comes to this Court with 16 criminal history points, and was on state supervision for a 2017 conviction for criminal possession with intent to distribute from the Butte-Silver Bow District Court at the time he committed the present offense. PSR ¶¶ 76, 81. Previous sentences imposed on the defendant have obviously had no deterrent effect on his behavior, and a sentence of imprisonment within the advisory guideline range should deter the defendant from further criminal conduct. A sentence imposed must also protect the community from the defendant. The defendant's drug dealing and retaliatory behavior is a serious threat to the safety of communities, including Great Falls and the surrounding areas.

Finally, the defendant will benefit from drug treatment, as well as educational and vocational training available in prison, and he appears to be a good candidate for the RDAP program.

Therefore, the government advocates that a term of imprisonment within the advisory guideline range, followed by five years of supervised release, addresses all of the § 3553(a) factors, and is a sufficient but not greater than necessary sentence.

///

///

DATED this 7th day of July 2020.

                KURT G. ALME
                United States Attorney

                /s/ Jessica A. Betley
                JESSICA A. BETLEY
                Assistant U.S. Attorney

## CERTIFICATE OF COMPLIANCE

Pursuant to D. Mont. L.R. 7.1(d)(2) and CR 47.2, the body of the attached memorandum is proportionately spaced, has a typeface of 14 points or more, and the body contains 887 words, excluding the caption and certificate of compliance.

           KURT G. ALME
           United States Attorney

           <u>/s/  Jessica A. Betley</u>
           JESSICA A. BETLEY
           Assistant U.S. Attorney