# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Cause No. CR 19-35-GF-BMM** |
| Plaintiff, | |
| vs. | **ORDER** |
| ANTHONY JOSEPH BELTRAN, | |
| Defendant. | |

## BACKGROUND

Anthony Joseph Beltran ("Beltran") moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 180.) Beltran is currently serving a sentence of 160 months for possession with intent to distribute methamphetamine and obstructing justice. (Doc. 176.) Beltran has served approximately 35 months of his sentence. Beltran's scheduled release date is December 13, 2031. *See* Inmate Locator, www.bop.gov/inmateloc (last visited June 6, 2023). Beltran is currently incarcerated at Sheridan FCI in Sheridan, Oregon. *Id.*

## I.    Availability of Relief Under 18 U.S.C. § 3582.

The First Step Act amended the United States Code to "promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019). The First Step Act amendments to 21

1

U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 3582(c)(1)(A) prove especially relevant to Beltran's motion.

Where a motion for a sentence reduction is well taken, a court may modify a term of imprisonment following a finding that "extraordinary and compelling reasons warrant such a reduction." *Id.* When deciding whether to reduce a sentence, a court must consider the factors set forth in 18 U.S.C. § 3553(a) ("§ 3553(a)"), and whether the reduction proves "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)–(2).

Congress has not defined those circumstances that rise to the level of "extraordinary and compelling," except to say that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448. The law instead directs the Sentencing Commission to issue a policy statement in which it describes "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448.

The relevant Sentencing Commission policy statement lies in USSG § 1B1.13, titled Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) ("Policy Statement"). Notably, the Sentencing Commission has not amended the Policy Statement since passage of the First Step Act. *See United States v. Haynes*, 456 F. Supp. 3d 496, 507 (E.D.N.Y. 2020); *Brown*, 411 F. Supp. 3d at 448. A number

of district courts have noted the unlikelihood of the Sentencing Commission updating the Policy Statement in the foreseeable future, as the Sentencing Commission requires four voting Commissioners to adopt a proposed amendment, and currently has only two voting Commissioners. *See, e.g., Haynes*, 456 F. Supp. 3d at 510 n.20; *Brown*, 411 F. Supp. 3d at 449 n.1; *United States v. Cantu*, 423 F. Supp. 3d 345, 347–48 n.1 (S.D. Tex. 2019); *United States v. Maumau*, No. 2:08-cr-00758-TC-11, 2020 WL 806121, at *1 n.3 (D. Utah Feb. 18, 2020); *United States v. Fox*, No. 2:14-cr-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019); *United States v. Handerhan*, No. 110-CR-00298, 2019 WL 1437903, at *1 n.4 (M.D. Pa. Apr. 1, 2019).

The "Commentary" to the Policy Statement lists five "Application Notes," the terms of which evidence the Policy Statement's inapplicability to the amended § 3582(c)(1)(A). *See* USSG § 1B1.13 n.1–5. Note 1 lists those circumstances that qualify as "extraordinary and compelling," including the defendant's medical condition, age, family circumstances, and "Other Reasons." *Id.* n.1(A)–(D). The "Other Reasons" subdivision to Note 1 provides as follows: "As determined by the Director of [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* n.1(D) (emphasis added). Notes 4 and 5 likewise "speak plainly to the BOP's exclusive gate-keeping authority pre-[First Step Act]."

*Haynes*, 456 F. Supp. 3d at 508. Note 4 provides, for example, that a "reduction under this policy statement may be granted *only* upon motion by the Director of the [BOP] pursuant to 18 U.S.C. § 3582(c)(1)(A)." USSG § 1B1.13 n.4 (emphasis added).

The pre-First Step Act Policy Statement does not account for amendments to § 3582(c)(1)(A), namely, removal of BOP's sentinel authority over sentence reduction petitions and extension to defendants of the right directly to move for a sentence reduction. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). The Policy Statement instead contemplates only motions filed by the BOP Director. *Id.*; *see also* USSG § 1B1.13.

When the First Step Act's amendments of § 3582(c)(1)(A) became effective, a split in authority emerged over whether the Policy Statement at USSG § 1B1.13 remained "applicable" to § 3582(c)(1)(A) motions directly filed by defendants. *See Beck*, 425 F. Supp. 3d at 579 (quoting § 3582(c)(1)(A)(i)'s requirement that a court's sentencing reduction must be "consistent" with any "applicable" policy statements); *Cantu*, 423 F. Supp. 3d at 351 ("Given the changes to [§ 3582(c)(1)(A)], the policy-statement provision that was previously applicable . . . no longer fits . . . and thus does not comply with the congressional mandate that the policy statement must provide guidance on the appropriate use of sentence-modification provisions under § 3582."); *Haynes*, 456 F. Supp. 3d at 511–13 (citing "at least twelve" other federal

4

district courts that have held the Policy Statement's "extraordinary and compelling reasons" list to be unexhaustive for defendants' direct sentence reduction motions).

The Ninth Circuit subsequently issued its decision in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). *Aruda* makes clear that the Policy Statement at USSG § 1B1.13 "is not an 'applicable policy statement' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." 993 F.3d at 801. Where a court considers a sentence reduction motion directly filed by a defendant under the First Step Act, the substantive standards for what may qualify as extraordinary and compelling expand beyond the bounds of guidance provided in USSG § 1B1.13's Policy Statement Application Notes. *Id.* at 802; *see also Haynes*, 456 F. Supp. 3d at 511–13; *Cantu*, 423 F. Supp. 3d at 350–52; *Beck*, 425 F. Supp. 3d at 578–80 (M.D.N.C. 2019); *Brown*, 411 F. Supp. 3d at 451.

Although the Policy Statement may provide helpful guidance, *see United States v. Booker*, 543 U.S. 220, 245 (2005), "it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)." *Beck*, 425 F. Supp. 3d at 579; *see also United States v. McCoy*, 981 F.3d 271, 282 n.7 (4th Cir. 2020). "[E]vidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider." *Pepper v. United States*, 562 U.S. 476, 490 (2011). The Court will look to additional

considerations outside those listed in the Policy Statement to determine whether extraordinary and compelling circumstances compel a reduction in Beltran's sentence.

## II.    Whether Beltran Has Exhausted His Administrative Remedies.

A defendant must fully exhaust their administrative remedies before filling a motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). A defendant first must file a request for compassionate release with the warden at their facility and then wait at least 30 days before filing a motion with a district court. *Id.* The exhaustion requirement constitutes a non-jurisdictional, mandatory claim processing rule. *States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020).

The Government argues that Beltran has failed to exhaust his administrative remedies. (Doc. 187 at 2.) Beltran's supplemental brief makes no mention of exhaustion. (Doc. 185.) The record reflects that Beltran submitted a compassionate release request to FCI Sheridan's warden on December 16, 2022. (Doc. 180-1.) Beltran filed his second compassionate release motion with the Court on February 13, 2023. (Doc. 180.) Beltran submitted the compassionate release motion 60 days after filing his warden request for release. The Court determines that Beltran has exhausted his administrative remedies pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court will proceed to analyzing the merits of Beltran's request for compassionate release.

### III. Whether Beltran Has Demonstrated Extraordinary and Compelling Reasons.

Despite this Court's determination that it has discretion to provide relief, Beltran still must demonstrate that extraordinary and compelling reasons support release or a reduction of his sentence. *Maumau*, 2020 WL 806121, at *5. Beltran asks the Court to reduce his sentence on the basis of BOP's failure to award properly 488 days of credit for time served. (Doc. 185 at 3.) Beltran also urges the Court to release him on the following four additional bases: the long-term health impacts from having contracted COVID-19 while incarcerated; Beltran's inability to access educational and other programming while incarcerated due to the length of his sentence and the COVID-19 pandemic; and his mother's health status and care needs. (*Id.* at 3–4.) Beltran's wife, Krystal Bouldin ("Krystal"); Krystal's son, Jesse Ray Bouldin; Beltran's brother-in-law, Raymond Bouldin ("Raymond"); and Krystal's mother, Karen Bouldin, all have submitted letters in support that detail their support for Beltran's release. (Doc. 186 at 3–7.) Beltran's family has assisted him in crafting a release plan for employment and housing. (*Id.* at 5, 7.)

The Government opposes Beltran's motion for compassionate relief. (Doc. 187.) The Government contends that neither Beltran's health concerns nor his mother's health needs amounts to extraordinary and compelling reasons for a sentence reduction. (*Id.* at 2.) The Government notes that Beltran has refused to receive the COVID-19 vaccine. (*Id.*) The Government fails to respond to Beltran's

argument about the application of credit for time served. (Doc. 185.)

Beltran was a criminal history category VI. (Doc. 175 at 17.) Beltran's total offense level was calculated to be 33. (*Id.* at 11.) Beltran has acknowledged the seriousness of his offense. (Doc. 175 at 9; Doc. 185 at 4.) Beltran's BOP medical records demonstrate that Beltran contracted COVID-19 in September 2021. (Doc. 188 at 37.) Approximately seven months passed before BOP offered, and Beltran refused, the Moderna vaccine, on April 15, 2022. (*Id.* at 39.) The Court finds that Beltran's COVID-19 health impacts, acceptance of responsibility, and family circumstances do not, on their own, warrant a sentence reduction.

The dispute about BOP's potential failure to award Beltran credit for time served, however, warrants a limited reduction in Beltran's sentence in combination with the other factors Beltran raises in support of his motion. The Presentence Investigation Report notes that Beltran had been in custody for 484 days, from April 8, 2019, to the August 3, 2020 sentencing hearing. (Doc. 175 at 2.) Beltran's BOP sentence computation data sheet, generated on February 14, 2023, records zero days of "Total Prior Credit Time." (*Id.* at 63.) The Government does not address this issue in its Response. (Doc. 187.)

Moreover, Beltran likely would have been subjected to a shorter term of custody were he to be sentenced today, in light of intervening and anticipated changes in the Sentencing Guidelines, including with respect to the treatment of

methamphetamine mixtures versus actual methamphetamine. The Court further notes that Beltran has performed well in custody. Beltran has taken available classes and participated in drug and alcohol treatment programing. (Doc. 180 at 2.) There is no indication in the record that Beltran has received any disciplinary infractions while incarcerated. (*See id* at 3.) The Court will grant, in part, Beltran's motion. Reducing Beltran's sentence by 12 months to a period of custody of 148 months comports with the § 3553(a) sentencing factors.

## ORDER

Accordingly, **IT IS ORDERED:**

1. Beltran's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 180) is **GRANTED, in part, and DENIED, in part.**

2. The Court's judgment (Doc. 176) shall be amended to reflect a reduction of 12 months, resulting in a total term of incarceration of 148 months.

DATED this 6th day of June, 2023.

Brian Morris, Chief District Judge
United States District Court